ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| ENRIQUE RODRÍGUEZ MATEO<br><br>Apelante<br><br>v.<br><br>IP MOTIV8 LLC D/B/A BELLISIMA C&F<br><br>Apelados | KLAN202300709 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2022CV05857<br><br>Sobre: DESPIDO ILEGAL, DAÑOS Y PERJUICIOS; SALARIOS; REPRESALIA PROCEDIMIENTO SUMARIO; LEY 2 DE 16 DE OCTUBRE DE 1961 |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Alvarez Esnard y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de septiembre de 2023.

Comparece ante *nos,* Enrique Rodríguez Mateo (Rodríguez Mateo) y nos solicita que revisemos la *Sentencia* emitida el 6 de junio de 2023, notificada el 7 de junio de 2023, por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan. Mediante dicho dictamen, el TPI desestimó la *Querella* con perjuicio contra Idan Pérez (Pérez) y IP MOTIV8, LLC. (IP MOTIV8).

Por los fundamentos que se exponen a continuación, *confirmamos* en parte y *revocamos* en parte la *Sentencia* apelada.

**I.**

Según surge del expediente, el 30 de junio de 2022, Rodríguez Mateo presentó una *Querella* en contra de Pérez y IP MOTIV8 sobre despido ilegal, daños y perjuicios, salarios y represalias al amparo de la Ley Núm. 2 de 16 de octubre de 1961. A grandes rasgos, alegó que fue empleado por IP MOTIV8 en calidad de vendedor desde el 24 de septiembre de 2019 hasta junio de 2021 y posteriormente, fue

contratado como gerente el 3 de noviembre de 2021. Manifestó que, durante el tiempo en que laboró para la parte apelada, promediaba entre $98,000.00 y $126,000.00 anuales en ingresos. Adujo que, el 24 de mayo de 2022, se encontraba trabajando en las facilidades de Bellísima C&F pertenecientes a IP MOTIV8 y en momentos en que se encontraba verificando su balance de ventas en la computadora, Pérez, gerencial y accionista de IP MOTIV8, de forma grosera, intimidante y amenazante, le cuestionó en voz alta sobre lo que hacía en la computadora. Expresó que, la forma en que Pérez lo increpó delante de sus compañeros y clientes le causó un grave sentido de indignación, humillación, tristeza y frustración.

Asimismo, Rodríguez Mateo destacó que mientras se secaba las lágrimas, Pérez en compañía de otro gerencial, de forma agresiva golpeó el escritorio de la computadora donde se encontraba y le gritó que fuese a donde él. Agregó que, Pérez le indicó de forma grosera, agresiva e intimidante que fuera la última vez que accediese a la base de datos de la compañía para sacar información de la empresa. Afirmó que, Pérez le indicó que ponchara y se fuera, gritándole *go* y *chau chau* mientras se marchaba por la puerta. Consecuentemente, solicitó $10,815.75 por las horas extras adeudadas y el trabajo realizado en el período de alimentos; $21,631.50 por concepto de penalidades por el trabajo en tiempo extra no compensado; $250,000.00 por los daños y angustias mentales; $10,383.12 por los ingresos dejados de percibir; y, $38,769.23 por el despido injustificado.

El 26 de julio de 2022, IP MOTIV8 presentó una *Contestación a Querella*. En apretada síntesis, aseveró que Rodríguez Mateo ocupaba un puesto de naturaleza gerencial en IP MOTIV8 y que llevaba a cabo funciones ejecutivas, gerenciales, administrativas y operacionales. Así pues, esbozó que es incorrecto y errado lo expresado por la parte apelante sobre el comportamiento que

adscribe a Pérez. Alegó que, fue el apelante quien desplegó una conducta indisciplinada, irrespetuosa, insubordinada, prepotente, beligerante, de rebelde, de gritos, de carencia de prudencia y falta de control, en presencia de compañeros de trabajo y del público. Finalmente, señaló que el apelante no fue suspendido ni despedido el 24 de mayo de 2022 por IP MOTIV8, ni posteriormente, sino que fue Rodríguez Mateo quien libre y voluntariamente optó y decidió no continuar trabajando para dicha empresa.

Luego de varios trámites procesales, el 17 de octubre de 2022, Pérez presentó una *Moción Asumiendo Representación Legal, Solicitud de Conversión de los Procedimientos y Solicitud de Extensión de Tiempo*. El 24 de octubre de 2022, Pérez presentó una *Contestación a Querella*. Posteriormente, el 7 de noviembre de 2022, la parte apelante presentó una *Moción en Cumplimiento de Orden o Resolución* mediante la cual se allanó a la solicitud de conversión de los procedimientos según solicitado por la parte apelada. El 9 de noviembre de 2022, el TPI emitió una *Orden* mediante la cual ordenó la conversión del procedimiento en uno ordinario.

Oportunamente, el 26 de abril de 2023, Pérez presentó una *Moción de Sentencia Sumaria*. En esta, solicitó que se dicte sentencia sumaria a su favor por no existir hechos materiales en controversia. Sostuvo que, las disposiciones legales en las que se basa la *Querella* y las causas de acción presentadas en la misma son atribuibles a una relación obrero-patronal entre la parte apelante y las apeladas, IP Success, Corp. y/o IP MOTIV8. Señaló que, no le son atribuibles las disposiciones y/o causas de acción que se presentan en la *Querella*. Así pues, arguyó que según surge de la evidencia levantada en el descubrimiento de prueba, solo participó como presidente de IP Success, Corp. e IP MOTIV8 y no en su carácter personal. Concluyó que, la *Querella* es frívola al pretender adscribirle

responsabilidad y no reconocer la separación e independencia jurídica entre las corporaciones y su persona.

El 26 de abril de 2023, el TPI emitió una *Orden* mediante la cual le concedió veinte (20) días a la parte apelante para que expresara su posición a la *Moción de Sentencia Sumaria* que presentó Pérez. Así las cosas, el 27 de abril de 2023, IP MOTIV8 presentó una *Moción de Sentencia Sumaria Parcial*. En la misma, solicitó que se dicte sentencia sumaria parcial por no existir hechos materiales en controversia. Aseveró que, el apelante fue contratado como Gerente del Departamento de Cosméticos el 3 de octubre de 2021 de manera verbal y el 3 de noviembre de 2021 suscribió un contrato escrito como gerencial exento. Manifestó que, el apelante se mantuvo en dicho puesto con un horario flexible hasta que abandonó su empleo. Señaló que, en ningún momento Pérez fue grosero, intimidante o amenazante. Adujo que, existe evidencia directa, suficiente y corroborativa que el apelante incurrió en actos de insubordinación, reto, desafío, irrespetuoso, indisciplinado y alterando la paz laboral. Consecuentemente, el 28 de abril de 2023, el TPI emitió una *Orden* mediante la cual le concedió veinte (20) días a la parte apelante para que expresara su posición a la *Moción de Sentencia Sumaria Parcial* que presentó IP MOTIV8.

El 18 de mayo de 2023, la parte apelante presentó una *Moción en Solicitud de Término*. Por ende, el 19 de mayo de 2023, el TPI emitió una *Orden* mediante la cual le concedió el término solicitado. El 6 de junio de 2023, IP MOTIV8 presentó una *Moción Solicitando Remedio* mediante la cual solicitó que se dé por sometida sin oposición la *Moción de Sentencia Sumaria Parcial*. De igual forma, el 6 de junio de 2023, Pérez presentó una *Moción Uniéndonos a Solicitud de Remedio*.

El 6 de junio de 2023, el TPI emitió una *Sentencia* notificada el 7 de junio de 2023. En dicho dictamen, el TPI determinó que no

era necesario celebrar una vista en su fondo, pues la controversia era una de derecho. El TPI fundamentó su determinación en que todas las corporaciones demandadas tienen una personalidad jurídica separada de Pérez, aunque este sea accionista, director u oficial. Consecuentemente, desestimó la *Querella* que presentó la parte apelante en contra de Pérez. Además, en su *Sentencia* el TPI determinó que procedía la desestimación de las causas de acción de despido injustificado, mesada, represalias y daños y perjuicios. Por lo cual, desestimó con perjuicio la *Querella* que presentó la parte apelante en contra de las entidades jurídicas.

Inconforme, el 9 de junio de 2023, la parte apelante presentó una *Moción en Solicitud de Término Adicional para Contestar Mociones de Sentencia Sumaria y de Reconsideración*. El 11 de junio de 2023, las apeladas presentaron una *Moción Conjunta en Oposición a Moción de Reconsideración de la Parte Demandante*. Así, el 12 de junio de 2023, el TPI emitió una *Orden* mediante la cual determinó, entre otras cosas, que con relación a la solicitud de reconsideración:

> [s]e dispone nada que proveer por falta de jurisdicción. Adviértase que el presente caso se ventila a tenor con el procedimiento sumario laboral al amparo de la Ley Núm. 2 y el Tribunal Supremo de Puerto Rico resolvió que "en un procedimiento sumario laboral provisto por la Ley Núm. 2 no está permitido solicitar reconsideración de determinaciones judiciales, ya sean estas interlocutorias o finales".

El 22 de junio de 2023, la parte apelante presentó una *Segunda Moción de Reconsideración*. El 11 de julio de 2023, la parte apelada presentó una *Oposición a Segunda Moción de Reconsideración*. El 11 de julio de 2023, el TPI emitió una *Resolución* notificada el 12 de julio de 2023, mediante la cual declaró *No Ha Lugar* la segunda solicitud de reconsideración. Asimismo, el TPI determinó, entre otras cosas, que la *Sentencia* es producto de una adjudicación en los méritos luego de examinar la solicitud de sentencia sumaria y sus anejos, por lo que no obedece a incumplimientos de órdenes.

Insatisfecho con esa determinación, el 11 de agosto de 2023, la parte apelante acudió ante *nos* mediante un recurso de apelación y señaló la comisión de los siguientes errores:

**PRIMER ERROR: Erró el Honorable Tribunal al concluir que dado a que las corporaciones demandadas poseen personalidad jurídica distinta a la del demandado Idan Pérez, no se justifica un remedio contra este en su carácter personal.**

**SEGUNDO ERROR: Erró el Honorable Tribunal al desestimar el caso sumariamente cuando existen hechos medulares en controversia y que sustentan las causas de acción.**

**TERCER ERROR: Erró el Honorable Tribunal al concluir que el caso de autos solo presentaba controversias de derecho.**

**CUARTO ERROR: Erró el Honorable Tribunal al adjudicar los méritos del caso a base a la solicitud de sentencia sumaria y sus anejos, sin permitir que la parte demandante presentara su contestación antes de dictar sentencia.**

**QUINTO ERROR: Erró el Honorable Tribunal al disponer que el presente caso se ventila a tenor con el procedimiento sumario laboral al amparo de la Ley Núm. 2 y que no podía aceptar la contestación a sumaria a virtud de lo dispuesto en *Maldonado v. Secretario de Recursos Naturales*, 113 DPR 494 (1982).**

Examinado el recurso de apelación, el 16 de agosto de 2023, este Tribunal emitió una *Resolución* concediéndole un término de treinta (30) días a la parte apelada para que presentara su posición al recurso. El 1 de septiembre de 2023, la parte apelada presentó un *Alegato en Oposición a Apelación*. Con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

**A. Sentencia Sumaria**

Como es sabido, la Regla 36 de Procedimiento Civil (32 LPRA Ap. V) regula todo lo relacionado a la moción de sentencia sumaria. *Acevedo Arocho y otros v. Departamento de Hacienda y otros*, 2023 TSPR 80, 212 DPR __ (2023). Dicho mecanismo procesal es utilizado en aquellos litigios que no presentan controversias genuinas de hechos materiales y que, por consiguiente, la celebración de un

juicio en su fondo no es necesaria en la medida que solo resta por dirimir determinadas controversias de derecho. Íd. Véase, además, *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310, 334 (2021).

El propósito que persigue el mecanismo de la sentencia sumaria es que los pleitos civiles sean solucionados de forma justa, rápida y económica. *González Meléndez v. Municipio de San Juan*, 2023 TSPR 95, 212 DPR ___ (2023). Véase, además, *Acevedo Arocho y otros v. Departamento de Hacienda y otros, supra*; *SLG Fernández-Bernal v. RAD-MAN et al., supra*. Véase, además, *Rodríguez Méndez et al. v. Laser Eye Surgery*, 195 DPR 769, 785 (2016). Por tanto, quien promueva la sentencia sumaria deberá establecer su derecho con claridad y demostrar que no existe controversia sustancial sobre algún hecho material. Así, la Regla 36.3 de Procedimiento Civil (32 LPRA Ap. V), establece cual será el contenido y los requisitos de forma que deberán observarse tanto en la solicitud de sentencia sumaria que inste la parte promovente, como en la oposición que pueda presentar la parte promovida. *Acevedo Arocho y otros v. Departamento de Hacienda y otros, supra*; *León Torres v. Rivera Lebrón*, 204 DPR 20, 43 (2020).

Por ser la sentencia sumaria un remedio discrecional, el principio rector para el uso de este mecanismo es el sabio discernimiento del juzgador, ya que mal utilizada puede privar a una parte de su día en corte, principio elemental del debido proceso de ley. *Jusino et als. v. Walgreens*, 155 DPR 560 (2001). Así pues, un tribunal podrá emitir una sentencia sumaria si de las alegaciones, deposiciones, contestaciones, interrogatorios y admisiones ofrecidas, junto a las declaraciones juradas – según fueran ofrecidas – surge que no existe una controversia real sustancial en cuanto a ningún hecho material, restando entonces resolver la controversia en estricto derecho. *Acevedo Arocho y otros v. Departamento de Hacienda y otros, supra*; Regla 36.3 de Procedimiento Civil, *supra*.

Nuestro máximo Foro ha sido enfático en que, el hecho de que la parte promovida no presente prueba que controvierta la evidencia presentada por la parte promovente de la moción de sentencia sumaria, no implica que dicha moción procederá automáticamente si efectivamente existe una controversia sustancial sobre hechos materiales. *Acevedo Arocho y otros v. Departamento de Hacienda y otros, supra*; *SLG Fernández-Bernal v. RAD-MAN et al., supra.* Ahora bien, el Tribunal Supremo de Puerto Rico ha reiterado que una moción de sentencia sumaria no procederá cuando: (1) existen hechos materiales controvertidos (2) hay alegaciones afirmativas en la demanda que no han sido refutadas (3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material o (4) como cuestión de derecho no procede. *Acevedo Arocho y otros v. Departamento de Hacienda y otros, supra.* Véase, además, *SLG Fernández-Bernal v. RAD-MAN et al., supra*; *Vera Morales v. Bravo*, 161 DPR 308, 333-334 (2004).

De igual forma, el mecanismo de sentencia sumaria no es utilizable cuando existen controversias de hechos materiales sobre elementos subjetivos de intención, propósitos mentales o negligencia. *Acevedo Arocho y otros v. Departamento de Hacienda y otros, supra.* Véase, además, *Velázquez Ortiz v. Mun. de Humacao*, 197 DPR 656 (2017); *Ramos Pérez v. Univisión*, 178 DPR 200, 219 (2010); *Soto v. Hotel Caribe Hilton*, 137 DPR 294 (1994).

Finalmente, hay que señalar que al momento de atender una solicitud de revisión de sentencia sumaria los foros apelativos estamos llamados a "examinar el expediente de *novo* y verificar que las partes cumplieron con las exigencias" pautadas en las Reglas de Procedimiento Civil. *Acevedo Arocho y otros v. Departamento de Hacienda y otros, supra*; *SLG Fernández-Bernal v. RAD-MAN et al., supra*; *Rivera Matos et al. v. ELA*, 204 DPR 1010, 1025 (2020). Según ha establecido el Tribunal Supremo, este Tribunal está limitado a:

(1) considerar los documentos y argumentos que se presentaron ante el foro primario (lo cual implica que, en apelación, los litigantes no pueden añadir prueba que no fue presentada oportunamente ante el tribunal de instancia ni esbozar nuevas teorías); (2) determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y (3) determinar si el derecho de aplicó de forma correcta. *González Meléndez v. Municipio de San Juan, supra.* Así pues, los foros apelativos estamos en la misma posición que los tribunales de instancia y se utilizan los mismos criterios para evaluar una solicitud de sentencia sumaria. Íd.

### B. Personalidad jurídica

Las corporaciones cuentan con una personalidad jurídica distinta y separada de la de sus dueños. *Miramar Marine et al. v. Citi Walk et al.,* 198 DPR 684, (2017). Las corporaciones no solo gozan de una personalidad propia a la de sus accionistas; además, cuentan con un patrimonio distinto al de sus accionistas. Así pues, las corporaciones tienen autonomía patrimonial y responsabilidades separadas a las de sus accionistas. La responsabilidad de los accionistas por las deudas y obligaciones de la corporación está limitada al capital que aportaron a su patrimonio. *DACo v. Alturas Fl Dev Corp. y otros,* 132 DPR 905, 924-925 (1993). Sin embargo, en determinadas ocasiones, los oficiales, directores y accionistas responden por las deudas y obligaciones de la corporación. La norma que separa la personalidad jurídica de las corporaciones y los accionistas cede cuando promovería un fraude o una injusticia, evadir una obligación estatutaria, derrotar política pública, justificar la inequidad o defender el crimen. *Díaz Aponte v. Comunidad San José, Inc.,* 130 DPR 782, 798 (1992).

### C. El abuso de discreción

Nuestro Tribunal Supremo ha establecido que, los tribunales apelativos no interferirán con las facultades discrecionales de los

foros primarios, exceptuando aquellas circunstancias en las que se demuestre que estos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, 212 DPR ___ (2023); *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465 (2022). Por lo cual, se requiere que nuestra intervención en esta etapa evite un perjuicio sustancial. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros, supra*; *Luch v. España Service Sta.,* 117 DPR 729 (1986).

En lo pertinente, nuestro máximo Foro ha definido la discreción judicial como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros, supra.* Véase, además, *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 657-658 (1997). Así pues, el ejercicio de este discernimiento se encuentra estrechamente relacionado con el concepto de razonabilidad. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros, supra.* Conforme a lo anterior, la discreción no implica que los tribunales puedan actuar de una forma u otra en abstracción del resto del derecho. Íd. Véase, además, *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 435 (2013).

Asimismo, se ha señalado que un tribunal abusa de su discreción:

> cuando el juez no toma en cuenta e ignora en la decisión que emite, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando el juez, por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en este, o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez los sopesa y calibra livianamente. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros, supra*; *SLG Zapata-Rivera v. J.F. Montalvo, supra.*

**III.**

En el caso ante *nos*, la parte apelante arguyó que incidió el TPI al concluir que dado a que las corporaciones apeladas poseen personalidad jurídica distinta a la de Pérez, no se justifica un remedio contra este en su carácter personal. Alegó, además, que erró el foro de instancia al desestimar el caso sumariamente cuando existen hechos medulares en controversia y que sustentan las causas de acción. Agregó que, incidió el TPI al concluir que el caso de autos solo presentaba controversias de derecho y al adjudicar los méritos del caso en base a la solicitud de sentencia sumaria y sus anejos, sin permitir que la parte apelante presentara su contestación antes de dictar sentencia. Finalmente, señaló que erró el TPI al disponer que el caso de marras se ventila a tenor con el procedimiento sumario laboral al amparo de la Ley Núm. 2-1961 y que no podía aceptar la contestación a la sentencia sumaria en virtud de la dispuesto en *Maldonado v. Secretario de Recursos Naturales*, 113 DPR 494 (1982).

Según el derecho que antecede, al momento de atender una revisión de sentencia sumaria los foros apelativos estamos llamados a "examinar el expediente de *novo* y verificar que las partes cumplieron con las exigencias" pautadas en las Reglas de Procedimiento Civil. *Acevedo Arocho y otros v. Departamento de Hacienda y otros*, *supra*. Según ha establecido el Tribunal Supremo, este Tribunal está limitado a: (1) considerar los documentos y argumentos que se presentaron ante el foro primario (lo cual implica que, en apelación, los litigantes no pueden añadir prueba que no fue presentada oportunamente ante el tribunal de instancia ni esbozar nuevas teorías); (2) determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y (3) determinar si el derecho de aplicó de forma correcta. *González Meléndez v. Municipio de San Juan*, *supra*. Por lo tanto, los foros apelativos estamos en la misma posición que los tribunales de instancia y se utilizan los

mismos criterios para evaluar una solicitud de sentencia sumaria. Íd.

Debemos resaltar, que el TPI tuvo ante su consideración dos mociones de sentencia sumarias distintas, resueltas ambas en una misma *Sentencia.* La primera *Moción en Solicitud de Sentencia Sumaria* fue presentada por Pérez, mientras que la segunda fue presentada por IP MOTIV8. Ante ello, debemos determinar en primer lugar si incidió el foro de instancia al concluir que dado a que las corporaciones apeladas poseen personalidad jurídica distinta a la de Pérez, no se justifica un remedio en contra de este en su carácter personal. Luego de una revisión de *novo* de la *Moción de Sentencia Sumaria,* que presentó Pérez el 26 de abril de 2023, junto con los documentos que presentó en apoyo a su solicitud, es menester concluir que las corporaciones apeladas poseen personalidad jurídica distinta a la de Pérez. Aun cuando Pérez sea accionista, director u oficial de las corporaciones, este tiene una personalidad jurídica distinta y separada de estas. Por lo tanto, no se cometió el primer error señalado. Procedía la desestimación de la *Querella* que se presentó en contra de Pérez, pues no se justifica la concesión de un remedio contra este en su carácter personal.[1] Véase, *Miramar Marine et al. v. Citi Walk et al.*, *supra.*

En segundo lugar, debemos auscultar si incidió el TPI al desestimar el caso sumariamente cuando existen hechos medulares en controversia y que sustentan las causas de acción. Evaluada la *Moción de Sentencia Sumaria Parcial,* que presentó IP MOTIV8 el 27 de abril de 2023, debemos concluir que dicha solicitud de sentencia sumaria no cumplió con los requisitos de forma y fondo establecidos en la Regla 36 de Procedimiento Civil, *supra,* y su jurisprudencia interpretativa. Específicamente, la *Moción de Sentencia Sumaria*

---

[1] Con relación a la *Moción de Sentencia Sumaria* que presentó Pérez el 26 de abril de 2023, no existían hechos materiales en controversia, pues solo presentada una controversia de derecho. Por lo tanto, no incidió el TPI al adjudicar los méritos de esta sin que la parte apelante presentara su oposición.

*Parcial* carece de una relación concisa y organizada de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial. Entiéndase, se señalaron varios hechos en un solo párrafo de los cuales algunos no están sustentados por la prueba y se mezclaron conclusiones de derecho junto con los hechos. Para algunos hechos sustentados con las deposiciones no se indicaron los párrafos, páginas ni líneas donde se establecen los mismos; por ejemplo, los hechos #1 y #2 de la página 4. Véase, Regla 36.3 de Procedimiento Civil, *supra.*

Además, la vasta mayoría de la prueba presentada – con excepción de las deposiciones – no está autenticada conforme a derecho. Así, hay documentos que ni siquiera están firmados. Algunos ejemplos de estos documentos son: la certificación de empleo, el contrato de empleo, las evaluaciones de desempeño, las notificaciones y comunicaciones.

Así pues, la declaración jurada de Mariela Flores Carapia es una proforma y de igual forma, está en incumplimiento con la Regla 36.5 de Procedimiento Civil, *supra.* No debemos perder de perspectiva que, cuando una parte acompaña su solicitud u oposición de sentencia sumaria de una o varias declaraciones juradas, estas deben cumplir con las disposiciones especiales pautadas en la Regla 36.5 de Procedimiento Civil, *supra.* Según ha resuelto nuestro máximo Foro, se requiere que las declaraciones juradas demuestren afirmativamente el conocimiento personal y la calificación del testigo, también se requiere que se presenten únicamente hechos admisibles como evidencia en un juicio. *Acevedo Arocho y otros v. Departamento de Hacienda y otros.* Es decir, cuando la solicitud de sentencia sumaria está apoyada en una o varias declaraciones juradas, dicha prueba no podrá contener solo conclusiones sin hechos específicos que la sustenten. Íd.

Ante este cuadro fáctico, en el caso ante *nos* existen hechos materiales en controversia que le impedían al TPI resolver por la vía sumaria, entre estas: (1) si el despido de Rodríguez Mateo ocurrió por razón de hechos constitutivos de una causa de justificación de despido; (2) si Rodríguez Mateo fue despedido de forma constructiva; (3) si Rodríguez Mateo estaba en su período probatorio al momento en que culminó su empleo; (4) si Rodríguez Mateo realizó alguna actividad protegida por la Ley de Represalias, Ley Núm. 115-1991; (5) si Rodríguez Mateo tiene derecho a reclamar horas extras; y, (6) si Rodríguez Mateo era un empleado exento. Por lo tanto, conforme a lo anterior erró el TPI al desestimar el caso sumariamente cuando existen hechos materiales y esenciales en controversia. Además, incidió al concluir que el caso de autos solo presentaba controversias de derecho y al adjudicar los méritos del caso en base a la solicitud de IP MOTIV8 y sus anejos, cuando estos incurrieron en un incumplimiento craso con la Regla 36 de Procedimiento Civil, *supra,* y su jurisprudencia interpretativa.

En fin, abusó de su discreción el foro de instancia al desestimar la *Querella* que se presentó en contra de IP MOTIV8. En atención a ello, y por entender que el segundo error dispone de los demás errores señalados, no abstendremos de intervenir con estos asuntos.

## IV.

Por los fundamentos antes expuestos, los cuales hacemos formar parte del presente dictamen, se *revoca* la *Sentencia* que emitió el TPI el 6 de junio de 2023, en cuanto a la desestimación de la *Querella* que se presentó en contra de IP MOTIV8, por haberse cometido el segundo error señalado. No obstante, se *confirma* la *Sentencia* en cuanto a la desestimación de la *Querella* que se presentó en contra de Pérez, pues el primer error señalado no se cometió.

**V.**

Se devuelve el caso al foro recurrido para la continuación de los procedimientos de acuerdo con lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Alvarez Esnard concurre sin opinión escrita.

La Jueza Brignoni Mártir concurre con la siguiente expresión: "Luego de un análisis de novo de las mociones de sentencia sumaria presentadas, resulta patente la existencia de controversias de hechos que impiden, aún sin la debida presentación de una adecuada y fundamentada oposición, que se desestimen las reclamaciones del apelante sumariamente y sin la celebración de una vista en los méritos. No obstante, la Sentencia tal cual circulada no contiene una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, en contravención a lo dispuesto en la Regla 36.4 de procedimiento civil."

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones